IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ROBERT R. STEWART, | ) | 4:12CV3184 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| DOROTHY SKORUPA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed his Complaint in this matter on August 30, 2012. (Filing No. 1.) Plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 5.) The court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

**I.     SUMMARY OF COMPLAINT**

Plaintiff filed his Complaint in this matter against four employees of the City of Lincoln, Nebraska, including his previous supervisor at the "F St Recreation Center." (Filing No. 1 at CM/ECF pp. 1-2.) Plaintiff also names two employees of the "NEOC" as Defendants in the caption of his Complaint. (*Id.* at CM/ECF p. 2) All Defendants are sued in their official capacities. (*Id.* at CME/CF pp. 1-2.) Liberally construed, Plaintiff sues Defendants for race discrimination under Title VII of the Civil Rights Act of 1964 and for disability discrimination and retaliation under the Americans with Disabilities Act ("ADA"). (*Id.* at CM/ECF pp. 1-9.)[1]

---

[1] Plaintiff also includes a single reference to "age discrimination" in his Complaint. (Filing No. 1 at CM/ECF p. 10.) However, there are no other references to age, or related discrimination, aside from this reference. As such, the court finds that Plaintiff has not asserted any claim for discrimination relating to his age.

Condensed and summarized, Plaintiff alleges that he worked at the City of Lincoln's "Recreation Center at 13th and F." (*Id.* at CM/ECF p. 7.) Plaintiff "is a big black man with limited mobility" due to his size and his knees. (*Id.* at CM/ECF pp. 6, 23.) Plaintiff further alleges that Defendant Skorupa was his "immediate supervisor" and made "racist comments" towards him and "target[ed]" him due to his disability. (*Id.* at CM/ECF pp. 6-7.) Plaintiff filed a grievance against Defendant Skorupa, and Defendant Lewis made the decision to terminate Plaintiff's employment rather than accommodate his disability and ignored Defendant Skorupa's "racism." (*Id.* at CM/ECF p. 8.) Plaintiff alleges further that Defendant Johnson took insufficient action on the grievance and that Defendant Hartwell was biased against Plaintiff and retaliated against him during the grievance hearing as a result of a previous lawsuit Plaintiff filed against her. (*Id.* at CM/ECF pp. 8-9.)

Liberally construed, Plaintiff filed a charge of discrimination with the Nebraska Equal Opportunity Commission ("NEOC"). (*Id.* at CM/ECF p. 4.) Plaintiff seeks damages in the amount of $5,000,000. (*Id.* at CM/ECF p. 13.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e)(2). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct.

2

1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

## III.   DISCUSSION OF CLAIMS

Liberally construed, Plaintiff's claims are brought pursuant to Title VII of the Civil Rights Act and the Americans with Disabilities Act.

### *A.   Race Discrimination Claims*

Title VII states that it is unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to her compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1).

In order to set forth a prima facie case of race discrimination under Title VII, a plaintiff must allege that he 1) is a member of a protected class; 2) was meeting the legitimate expectations of his employer; 3) suffered an adverse employment action; and 4) that circumstances exist which give rise to an inference of discrimination. *See Wheeler v. Aventis Pharm.*, 360 F.3d 853, 857 (8th Cir. 2004). Additionally, prior to filing a suit in federal court under Title VII, a plaintiff is required to exhaust his administrative remedies by first seeking relief through the EEOC or the NEOC. The EEOC/NEOC will then investigate the charge and determine whether to file suit on

3

behalf of the charging party or make a determination of no reasonable cause. If the EEOC/NEOC determines that there is no reasonable cause, the agency will then issue the charging party a right-to-sue notice. 42 U.S.C.A. § 2000e-5(f)(1); *see also Hanenburg v. Principal Mut. Life Ins. Co.*, 118 F.3d 570 (8th Cir. 1997). The charging party has 90 days from the receipt of the right-to-sue notice to file a civil complaint based on his charge. 42 U.S.C.A. § 2000e-5(f)(1).

Here, liberally construing the Complaint, Plaintiff alleges that he is a member of a protected class and that his work performance was satisfactory. (Filing No. 1 at CM/ECF pp. 1-9.) Plaintiff further alleges that he suffered an adverse employment action when he was terminated from his employment. Additionally, Plaintiff alleges that Defendant Skorupa made racist comments and Defendants Lewis and Johnson took insufficient action to act on his complaints regarding these racist comments. (*Id.*) Plaintiff also alleges that he exhausted his administrative remedies by presenting his claims to the NEOC/EEOC. (*Id.* at CM/ECF p. 4.) The court finds that these allegations are sufficient to nudge Plaintiff's Title VII claims across the line from conceivable to plausible. However, the court cautions Plaintiff that this is only a preliminary determination based on the allegations of the Complaint and is not a determination of the merits of Plaintiff's claims or potential defenses thereto.

### B. *Disability Discrimination Claims*

Plaintiff also asserts claims under the ADA. (Filing No. 1.) As set forth in the ADA:

> No covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

42 U.S.C. § 12112(a). An employee seeking relief under the ADA must establish that: "he was a disabled person within the meaning of the ADA, that he was qualified to perform the essential functions of the job, and that he suffered an adverse employment action under circumstances giving rise to an inference of unlawful discrimination." Kozisek v. Cnty. of Seward, Neb., 539 F.3d 930, 934 (8th Cir. 2008). Further, a person is disabled within the meaning of the ADA only if he demonstrates that he has a physical or mental impairment which substantially limits one or more of his major life activities, that he has a record of such an impairment, or that he is regarded as having such an impairment. Amir v. St. Louis Univ., 184 F.3d 1017, 1027 (8th Cir. 1999). "Major life activities under the ADA are basic activities that the average person can perform with little or no difficulty, including 'caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working.'" Battle v. United Parcel Serv., Inc., 438 F.3d 856, 861 (8th Cir. 2006) (quoting 29 C.F.R. § 1630.2(i)). Regarding a retaliation claim, "a plaintiff must demonstrate (1) that he engaged in a statutorily protected activity, (2) that an adverse action was taken against him, and (3) a causal connection between the adverse action and the protected activity." Mershon v. St. Louis Univ., 442 F.3d 1069, 1074 (8th Cir. 2006) (quotation omitted).

Here, Plaintiff alleges he has disabilities, including limited mobility, "permanent injur[ies]," and knee problems, that limited his major life activity of working. (Filing No. 1 at CM/ECF pp. 1-9.) In addition, Plaintiff alleges that despite his disabilities, he could, and did, sufficiently perform his job at the "F St. Recreation Center." (Id.) However, Defendant Skorupa subjected him to various adverse employment actions including "targeting" him for negative treatment due to his disability and refusing to accommodate his disabilities by giving him a different work schedule. (Id. at CM/ECF pp. 25-26.) Further, Plaintiff alleges that he engaged in a protected activity by filing a previous lawsuit against Defendant Hartwell and by filing an internal grievance against Defendant Skorupa. As a result, he suffered additional adverse employment actions, namely his termination. (Id. at CM/ECF pp.

5

8-9, 25-26.) Liberally construed, again at this early stage, Plaintiff has alleged sufficient facts to nudge his ADA claim and his retaliation claim across the line from conceivable to plausible. Again, the court cautions Plaintiff that this is only a preliminary determination based only on the allegations of the Complaint and is not a determination of the merits of Plaintiff's claims or potential defenses thereto.

### C. *Defendants Damrow and Albes*

The court notes that Plaintiff names Defendants Damrow and Albes in this matter. The court is mindful that a complaint that only lists a defendant's name in the caption or elsewhere in the Complaint, without alleging that the defendant was personally involved in the alleged misconduct, fails to state a claim against that defendant. *See [Krych v. Hvass](, 83 F. App'x 854, 855 (8th Cir. 2003)* (citing *[Potter v. Clark](, 497 F.2d 1206, 1207 (7th Cir. 1974)* (holding that court properly dismissed a pro se complaint where the complaint did not allege that defendant committed a specific act and the complaint was silent as to defendant except for his name appearing in caption)). As set forth above, Plaintiff alleges specific conduct by Defendants Skorupa, Hartwell, Lewis, and Johnson. However, Defendants Damrow and Albes are named in the caption of the Complaint, and are mentioned briefly in the Complaint without any allegations relating to their specific involvement in the alleged race or disability discrimination. (Filing No. [1](.) Indeed, the only allegations against Defendants Damrow and Albes are that, as employees of the NEOC, they processed Plaintiff's charge of discrimination and communicated to Plaintiff that the charge of discrimination was being dismissed. (*[Id.](* at CM/ECF p. 4.) These allegations do not state a claim against Defendants Damrow or Albes and, as such, these two Defendants are dismissed from this matter.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Title VII race discrimination claims and ADA disability

discrimination and retaliation claims against Defendants Dorothy Skorupa, Patricia Sue Hartwell, Holly Lewis, and Lynn Johnson may proceed and service is now warranted. All other Defendants are dismissed from this matter without prejudice.

2. To obtain service of process on Defendants, Plaintiff must complete and return the summons forms which the Clerk of the court will provide. The Clerk of the court shall send FOUR (4) summons forms and FOUR (4) USM-285 forms to Plaintiff together with a copy of this Memorandum and Order. Plaintiff shall, as soon as possible, complete the forms and send the completed forms back to the Clerk of the court. In the absence of the forms, service of process cannot occur.

3. Upon receipt of the completed forms, the Clerk of the court will sign the summons forms, to be forwarded with a copy of the Complaint, to the U.S. Marshal for service of process. The Marshal shall serve the summonses and Complaint without payment of costs or fees. Service may be by certified mail pursuant to [Fed. R. Civ. P. 4](#) and Nebraska law in the discretion of the Marshal. The Clerk of the court will copy the Complaint, and Plaintiff does not need to do so.

4. [Fed. R. Civ. Pro. 4](#) requires service of a complaint on a defendant within 120 days of filing the complaint. However, because in this order Plaintiff is informed for the first time of these requirements, Plaintiff is granted, on the court's own motion, an extension of time until 120 days from the date of this order to complete service of process.

5. Plaintiff is hereby notified that failure to obtain service of process on a defendant within 120 days of the date of this order may result in dismissal of this matter without further notice as to such defendant. A defendant has twenty (21) days after receipt of the summons to answer or otherwise respond to a complaint.

6. The Clerk of the Court is directed to set a pro se case management

deadline in this case with the following text: "**March 19, 2013**: Check for completion of service of summons."

7. The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this court. Plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal.

DATED this 19th day of November, 2012.

                                        BY THE COURT:

                                        s/ Joseph F. Bataillon
                                        United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.